Grafton,
No. 5719.

Isaac T. Reney &a.

v.

Roland J. Hebert &a.

Argued May 7, 1968.
Decided May 29, 1968.

*Robert A. Jones* for the plaintiffs, filed no brief.

*N. George Papademas* ( by brief and orally ), for the defendants.

Griffith, J. This is a petition to quiet title to certain realty situate near the eastern end of the Shaker Bridge on Mascoma Lake, Enfield, N. H., and shown as a reserved area on a plan recorded in Grafton county registry of deeds. Trial by Court ( *Keller,* J. ) resulted in certain of the plaintiffs being granted the right to use the reserved area, and the defendants being enjoined from interfering with the right to use the reserved area.

The Court had a view of the area and by agreement of counsel no record of the hearing was made. The only evidence transferred to this court consists of exhibits, including two plans, and certain deeds to the defendants and others.

Defendants are the owners of lots 1, 2 and 3 on plan of Mascoma Lake sites prepared on June 1, 1933 by George H. Cook and recorded in the Grafton county registry of deeds. The descriptions in the deeds in their chain of title are by reference to the plan and no other description appears. Lot #1 is shown on the plan as a shore lot bounded on the east by a triangular piece of land running to the shore and marked "Reserved" with lines running into the lake marked "Bathing Beach & Boat Pier."

The sole question transferred is whether the Cook plan required a finding by the Trial Court that the defendants' deed gave them title to the reserved area regardless of any other evidence in the case. In the absence of any knowledge of the other evidence in

the case we cannot hold that the Cook plan conclusively determined the issue in the case.

The defendant argues that the distance along the shore line of lot #1 is given as eighty feet by the Cook plan and that such a distance measured from the monument on the shore at lot #2 would extend beyond lot #1 to include the shore of the reserved land as well. This argument ignores all aspects of the plan except the measurement stated for the shore line boundary of lot #1 which is apparently in error. The plan purports to have been drawn to scale, and according to the scale the shore line shown for lot #1 would support the measurement of fifty-six and one-half feet which is allowed by the Court's decree. Moreover, if the eighty feet stated on the plan were correct, then the course of the boundary between lot #1 and the reserved land would be in error, as would the measurement of one hundred twenty feet shown as the scaled and stated length of that boundary. The Trial Court could reasonably find that the eighty foot measurement shown for the shore line boundary was in error. A plain error in a deed will be rejected and the deed construed reasonably to conform to the intent of the parties. *Wadleigh* v. *Cline,* 99 N. H. 202.

The rule relied upon by the defendants that a deed must be construed against the grantor is of no help to the defendants in this case, where the plan showing the extent of their purchase plainly shows it bounded by the land they now claim. *Douglass* v. *Company,* 76 N. H. 254; *Kennett Corporation* v. *Pondwood Co.,* 108 N. H. 30.

*Exception overruled.*

All concurred.